UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZURICH AMERICAN INSURANCE COMPANY, et al.,

Plaintiffs,

v.

CHEVRON U.S.A. INC., et al.,

Defendants.

Case No. 24-cv-02733-JSC

**ORDER RE: MOTION FOR ISSUANCE OF LETTERS ROGATORY**

Re: Dkt. No. 69

Now before the Court is a motion for issuance of letters rogatory submitted by Zurich American Insurance Company, Liberty Mutual Insurance Company, and Great American Insurance Company ("Plaintiffs/Counterclaim Defendants"). (Dkt. No. 69.) Chevron opposes the motion. (Dkt. No. 72.) After carefully considering the parties' briefs and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the March 6, 2025 hearing, and GRANTS the motion.

**LEGAL STANDARD**

A letter rogatory is a formal request "from a court in which an action is pending[] to a foreign court to perform some judicial act." 22 C.F.R. § 92.54; *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (defining "letter rogatory" as "the request by a domestic court to a foreign court to take evidence from a certain witness"). The Federal Rules of Civil Procedure provide for the taking of depositions within foreign countries through letters rogatory. *See* Fed. R. Civ. P. 28(b)(1)(B) ("A deposition may be taken in a foreign country . . . under a letter of request, whether or not captioned a 'letter rogatory[.]'"). In accordance with Rule 28(b)(1)(B), "[t]he Department of State has power, directly, or through suitable channels . . . to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to

United States District Court
Northern District of California

the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution." 28 U.S.C. § 1781(a)(2).

Courts have "inherent power to issue Letters Rogatory," *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958), and "[w]hether to issue such a letter is a matter of discretion," *Barnes & Noble, Inc. v. LSI Corp.*, No. C 11-02709 EMC LB, 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012). "When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained." *Asis Internet Servs. v. Optin Global, Inc.*, No. C-05-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. June 28, 2007). A court must instead apply "Rule 28(b) in light of the scope of discovery provided by the Federal Rules of Civil Procedure." *Id.* (collecting cases). Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

**DISCUSSION**

This is an insurance coverage dispute. As alleged in the complaint, Defendant Chevron U.S.A. Inc. chartered the ADVANTAGE SWEET vessel to transport crude oil. (Dkt. No. 1 ¶ 48.) Around April 2023, the Iranian Navy seized the vessel and its cargo. (*Id.* ¶¶ 48-51.) (*Id.* ¶ 66.) The insurers denied Chevron's subsequent insurance claim, asserting the seizure was not covered:

> Plaintiffs/Counterclaim Defendants have maintained that such a seizure was not covered by the Policies at issue because (1) the policies at issue expressly exclude coverage for "capture, seizure, arrest restraint, detainment, [or] confiscation" of goods; and (2) the policies' coverage applies to "warlike operations" or "prosecution of hostilities or in the application of sanctions under international agreements," and Iran's seizure of Chevron's goods does not fall into these categories.

(Dkt. No. 69 at 5.)

In support of their claims and defenses, Plaintiffs/Counterclaim Defendants seek issuance of two letters rogatory. First, Plaintiffs/Counterclaim Defendants seek to issue a letter rogatory to the Central Authority of the United Kingdom of Great Britian and Northern Ireland to obtain communications, documents, and deposition testimony from The West of England Ship Owners

Mutual Insurance Association (Luxembourg) ("West of England"). As explained in the motion, "Owners of vessels, such as the ADVANTAGE SWEET, have their and the vessel's potential liabilities insured through memberships in Protection and Indemnity Clubs." (Dkt. No. 69 at 6.) West of England is the ADVANTAGE SWEET's Protection and Indemnity Club. (Dkt. No. 70-1 at 2.) So, Plaintiffs/Counterclaim Defendants contend, West of England has communications and documents pertinent to "the reasons/motive and nature of the seizure":

> It is expected that West of England would have received notice of the seizure of the ADVANTAGE SWEET and would have then retained surveyors, negotiators, agents, etc., to navigate, investigate, and manage the loss. The common practice would be for the ADVANTAGE SWEET to contact and communicate with West of England by radio, e-mail, and/or text as the events were unfolding and report in real-time . . . . Moreover, it is also expected that, sometime after the seizure, the Iranian authorities were in contact with West of England . . . to negotiate the release of the vessel.

(Dkt. No. 69 at 6.)

Second, Plaintiffs/Counterclaim Defendants seek to issue a letter rogatory to the Central Authority of the Republic of Türkiye to obtain communications, documents, and deposition testimony from Genel Denizcilik Nakliyati, A.Ş. ("Genel"). Genel, as ADVANTAGE SWEET's management company, "control[s] the day-to-day operations of the vessel." (Dkt. Nos. 69 at 7; 70-1 at 2; 70-2 at 2.) Plaintiffs/Counterclaim Defendants expect the requested discovery will establish Genel's "actions during and in the aftermath of the seizure, including the negotiations by [Genel] with the Iranian authorities for the release of the ADVANTAGE SWEET." (Dkt. No. 69 at 7.) Further, Plaintiffs/Counterclaim Defendants assert Genel's staff "may have had communication capabilities beyond radio communication, such as e-mail and text capabilities" and such communications "are expected to demonstrate the circumstances surrounding the seizure and the follow-on negotiations with the Iranian authorities." (*Id.*)

The Court finds the discovery requested meets the Rule 26(b) relevance requirement. The documents, communications, and testimony requested may bear on the nature of the seizure and the motivation behind it—both relevant to whether the seizure is covered by the insurance policies. Chevron's insistence the discovery sought is irrelevant because "many important facts" are undisputed (Dkt. No. 72 at 7) is unpersuasive. If Chevron is correct, then there is no prejudice

United States District Court
Northern District of California

as a third party—not Chevron—is being asked to produce discovery. But if Chevron is incorrect, and the Court on summary judgment determines it should have allowed the discovery and thus has to later issue the letters rogatory, then all parties and the Court are prejudiced by the concomitant delay. The Court is also not persuaded by Chevron's argument that Plaintiff/Counterclaim Defendants' delay in moving for issuance of letters rogatory necessitates denial of their request. Plaintiff/Counterclaim Defendants moved before the fact discovery cut-off date of July 25, 2025. (Dkt. No. 52 at 1.) Should Plaintiffs/Counterclaim Defendants seek to modify the schedule because they are awaiting responses, the Court can address Chevron's arguments about delay (and necessity) at that time. That Chevron anticipates delay is not basis to deny the letters rogatory request.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiffs/Counterclaim Defendants' motion for issuance of letters rogatory. The Court will sign and affix its seal to the two letters rogatory submitted and return the letters with original signatures and seals to Plaintiffs/Counterclaim Defendants' counsel for forwarding to the United States Department of State.

This Order disposes of Docket No. 69.

**IT IS SO ORDERED.**

Dated: February 14, 2025

JACQUELINE SCOTT CORLEY
United States District Judge