1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    ZURICH AMERICAN INSURANCE            Case No.  24-cv-02733-JSC
     COMPANY, et al.,

8                    Plaintiffs,

9         v.                              **ORDER RE: NOVEMBER 18, 2025
                                          DISCOVERY DISPUTE JOINT
10                                         LETTER**

     CHEVRON U.S.A. INC., et al.,          Re: Dkt. No. 165-1

11                   Defendants.

12

13          Pending before the Court is a discovery dispute joint letter.  (Dkt. No. 165-1.)  Oral

14   argument is not required.  *See* N.D. Cal. Civ. L.R. 7-1(b).

15          **1.  Interrogatory No. 5**.

16          On or before December 10, 2025, Chevron shall identify all third parties with whom

17   Chevron communicated regarding the seizure as the Court previously ordered.  Chevron's

18   insistence it would be unduly burdensome to identify third parties with whom Chevron had non-

19   substantive communications is unpersuasive.  Chevron could only believe the communications

20   were non-substantive if it had already identified the third party and had knowledge of the

21   communications; so, it has not shown any undue additional burden.  The 30(b)(6) witness shall be

22   prepared to discuss these communications as well.

23          **2.  Geopolitical Discovery.**

24          Chevron shall produce a 30(b)(6) witness to testify as to the Geopolitical Risk Unit's

25   assessment of the Gulf of Oman and reports to the CMT.  The Court previously ruled such

26   discovery is relevant.

27          **3.  Zurich Marine Piracy Claims Protocol.**

28          Chevron's request is DENIED as, based on what the joint letter has presented, it is not

United States District Court
Northern District of California

1   relevant to a claim or defense in this action.  *See* Fed. R. Civ. P. 26(b)(1).

2       **4.   Underwriting Guidelines.**

3       Primary Insurers' complaint Chevron's motion for the guidelines is too late is

4   unpersuasive.  Fact discovery closes on December 19, 2025.  (Dkt. No. 143.)  Further, the Court's

5   Order following the July 30, 2025 conference set a deadline for a discovery dispute joint letter

6   about any issues raised in the parties' joint case management conference statement.  (Dkt. Nos.

7   140, 137.)  The underwriting guidelines were not mentioned in that statement.  Finally, that

8   Chevron does not get a 30(b)(6) deposition does not necessarily mean production of the guidelines

9   at this stage would be irrelevant; it just means they may be of less use.

10      All that being said, the request is DENIED because Chevron makes no effort to explain

11  how these guidelines are relevant to a claim or defense under the circumstances of this case.

12  Instead, it baldly states, without citation to anything, that "Chevron is entitled to examine Zurich's

13  underwriting guidelines and approach as to underwriting as a company regardless of whether an

14  individual underwriter relied on those guidelines." (Dkt. No. 165-1 at 5.)  Why?  Chevron does

15  not say.  This omission is especially glaring given Chevron has taken the Zurich underwriting

16  30(b)(6) deposition, (Dkt. No. 137 at 9), yet it does not identify anything from that deposition that

17  suggests these guidelines are relevant.  So, it has not met its burden of showing relevance.  *See*

18  *Johnson v. Northwest Airlines, Inc.*, No. C 08-02272 VRW, 2009 WL 839044, at *2 (N.D. Cal.,

19  Mar. 30, 2009) ("Although the burden on parties requesting discovery is low, they must meet a

20  threshold of relevance that is beyond speculation; litigants seeking to compel discovery must

21  describe with a reasonable degree of specificity the information they hope to obtain and its

22  importance to their case." (cleaned up)).

23      This Order disposes of Docket No. 165-1.

24      **IT IS SO ORDERED.**

25  Dated: December 3, 2025

26

27                                      JACQUELINE SCOTT CORLEY
                                        United States District Judge

28

2