United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZURICH AMERICAN INSURANCE COMPANY, et al.,

Plaintiffs,

v.

CHEVRON U.S.A. INC., et al.,

Defendants.

Case No.  24-cv-02733-JSC

**ORDER DENYING MOTION TO PRESERVE JURY TRIAL RIGHTS**

Re: Dkt. No. 172

This insurance coverage dispute arises out of an April 2023 incident in which the Iranian military seized Chevron's *Advantage Sweet* vessel while it was carrying Chevron crude oil valued at approximately $51 million.  Chevron's Primary Insurers seek a declaratory judgment against Chevron over disputed maritime insurance contract terms.  Chevron counterclaims against the Primary Insurers as well as Excess Insurers, which Chevron joined as third-party defendants.  In its amended answer and counterclaims, Chevron demanded a trial by jury, which the Primary and Excess Insurers oppose.  Chevron's motion to preserve jury trial rights is now pending before the court.  (Dkt. No. 172.)[1]  After carefully considering the briefing, relevant legal authority, and having had the benefit of oral argument on February 26, 2026, the Court DENIES the motion to preserve jury trial rights.  Chevron has not met its burden of showing any basis for federal jurisdiction other than admiralty jurisdiction, to which no jury right attaches.

//

//

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**BACKGROUND**

The Primary Insurers severally insure Chevron under a Marine Cargo Policy and a separate War Risks Policy.  (Dkt. No. 2 ¶¶ 2, 3.)   Following the ship seizure, Chevron submitted a proof of loss to Primary Insurers asserting the seizure of the *Advantage Sweet* and its cargo crude oil was in "direct retaliation against international sanctions against Iran by the United States."  (*Id.* ¶ 6 (quotation marks omitted).)  The Primary Insurers denied the claim and in May 2024 they sued Chevron in federal court seeking a declaratory judgment of no insurance coverage. They allege this Court has admiralty and maritime jurisdiction because the issues involve questions of marine insurance coverage.  (*Id.* ¶ 20 (citing 28 U.S.C. § 1333).)

Chevron counterclaimed and joined as counterclaim defendants Royal And Sun Alliance Insurance LTD; Lloyd's Underwriter Syndicate No. 1414 ASC; Lloyd's Underwriter Syndicate No. 1225 AES; Lloyd's Underwriter Syndicate No. 2232 AWH; Lloyd's Underwriter Syndicate No. 1274 AUL; Lloyds's Underwriter Syndicate No. 0609 AUW; Lloyd's Underwriter Syndicate No. 2987 BRIT; Lloyd's Underwriter Syndicate No. 2488 CGM; Lloyd's Underwriter Syndicate No. 3000 MLK ("Excess Insurers").  (Dkt. No. 17 at 17  ¶ 1.)  Chevron sued: (1) the Primary Insurers and the Excess Insurers for declaratory judgment; (2) the Primary Insurers for breach of contract; and (3) the Primary Insurers for breach of the implied covenant of good faith and fair dealing.  (*Id.* at 35-40.)  Chevron alleged the Court had diversity subject matter jurisdiction over its counterclaims because "Chevron is a corporate citizen of Pennsylvania, Delaware, and California, while the [Primary and Excess] Insurers are all citizens of other states and countries" and the amount in controversy exceeded $57 million.  (*Id.* at 23 ¶ 25 (citing 28 U.S.C. § 1332).)

In May 2025, Chevron amended its counterclaims.  (Dkt. Nos. 108, 109.)  Chevron now alleges three counterclaims, each asserted against both the Primary Insurers and the Excess Insurers: (1) declaratory judgment the Policies cover Chevron's losses; (2) breach of contract; and (3) bad faith breach of contract.  (Dkt. No. 109 at 34-38.)  Chevron also amended its allegations regarding the Court's jurisdiction.  Specifically, Chevron now alleges the Court has "maritime jurisdiction over the entire action . . . because the case concerns insurance coverage under the Primary Policy and Excess Policy, both of which are marine insurance contracts."  (Dkt. No. 109 ¶

2

United States District Court
Northern District of California

23 (citing 28 U.S.C. § 1333).)  Chevron also alleges the Court has diversity jurisdiction over Chevron's claims against the Primary Insurers "because the amount in controversy exceeds $57 million and Chevron is completely diverse from the Primary Insurers."  (Dkt. No 109 ¶ 24 ("The Primary Insurers are citizens of New York, Illinois, Massachusetts, and Ohio.").)

Chevron contends in the present motion it is entitled to a jury trial on its contract and bad faith counterclaims against Primary and Excess Insurers.

**LEGAL STANDARD**

The Seventh Amendment preserves the right to trial by jury in "[s]uits at common law." U.S. Const. amend. VII.  The Supreme Court recently explained:

> In construing this language, we have noted that the right is not limited to the "common-law forms of action recognized" when the Seventh Amendment was ratified.  As Justice Story explained, the Framers used the term "common law" in the Amendment "in contradistinction to equity, and admiralty, and maritime jurisprudence."  The Amendment therefore "embrace[s] all suits which are not of equity or admiralty jurisdiction, whatever may be the peculiar form which they may assume."

*SEC v. Jarkesy*, 603 U.S. 109, 122 (2024) (citations omitted).  So, "the Seventh Amendment does not require jury trials in admiralty cases."  *See Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20 (1963).  However, "neither that Amendment nor any other provision of the Constitution forbids them."  *Id.*

District courts have jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1).  "The 'saving-to-suitors' clause establishes the right of a party to choose whether to proceed within the court's admiralty jurisdiction or general civil jurisdiction when both admiralty and non-admiralty jurisdiction exist."  *Wilmington Tr. v. U.S. Dist. Ct. for Dist. of Hawaii*, 934 F.2d 1026, 1029 (9th Cir. 1991) (citation omitted).  So, if a claim falls "within the admiralty or maritime jurisdiction and [is] also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim."  Fed. R. Civ. P. 9(h); *see also Wilmington Tr.*, 934 F.2d at 1029 (explaining Federal Rule of Civil Procedure 9(h) "provides the modern-day mechanism for invoking admiralty jurisdiction of claims that could also be brought within the court's general civil jurisdiction").

3

United States District Court
Northern District of California

"[A] plaintiff with in personam maritime claims has three choices: He may file suit in federal court under the federal court's admiralty jurisdiction, in federal court under diversity jurisdiction if the parties are diverse and the amount in controversy is satisfied, or in state court." *Ghotra by Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054 (9th Cir. 1997). "The difference between these choices is mostly procedural; of greatest significance is that there is no right to jury trial if general admiralty jurisdiction is invoked, while it is preserved for claims based in diversity or brought in state court." *Id.* (citing Fed. R. Civ. P. 38); *see also* Fed. R. Civ. P. 38(e) ("These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h).").

## DISCUSSION

Chevron argues it has a right to a jury trial "because there is either [1] diversity jurisdiction over the entire action or [2] diversity jurisdiction as to Chevron's claims against the Primary Insurers[] and admiralty jurisdiction as to Chevron's claims against the Excess Insurers." (Dkt. No. 172 at 3.)

### I.    THE COURT LACKS DIVERSITY JURISDICTION OF CHEVRON'S COUNTERCLAIMS

Chevron's introduction to its motion first argues the Court has diversity jurisdiction because Chevron is completely diverse from both the Primary and Excess Insurers (collectively "the Insurers"). (Dkt. No. 172 at 3, 7.) Federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a). Diversity jurisdiction "require[s] complete diversity of citizenship," and "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *Strawbridge v. Curtiss*, 2 L.Ed. 435 (1806) (adopting complete diversity requirement); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (affirming approach)). Chevron, as "[t]he party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*,

United States District Court
Northern District of California

840 F.3d 606, 613-14 (9th Cir. 2016) (citing *FW/PBS, Inc. v. City of Dallas*, U.S. 215, 231 (1990)).  Chevron has not met its burden.

First, Chevron does not plead complete diversity; instead, in its operative counterclaims it alleges the Court has "maritime jurisdiction over the entire action . . . because the case concerns insurance coverage under the Primary Policy and Excess Policy, both of which are marine insurance contracts."  (Dkt. No. 109 ¶ 23 (citing 28 U.S.C. § 1333).)  It also alleges the Court has diversity jurisdiction over Chevron's claims *against the Primary Insurers* "because the amount in controversy exceeds $57 million and Chevron is completely diverse from the Primary Insurers." (Dkt. No 109 ¶ 24.)  So, notwithstanding its argument in the introductory section of its motion to preserve jury trial that it is completely diverse from Primary and Excess Insurers, its operative counterclaims do not allege complete diversity: it does not allege it is diverse from the Excess Insurers or even allege the Excess Insurers' citizenship.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) (holding the defendants' notice of removal's failure to specify the plaintiffs' state citizenship was "fatal" to the defendants' assertion of diversity jurisdiction). And Chevron has not sought permission to amend its jurisdictional allegations, let alone been granted leave to do so.  *See* 28 U.S.C. § 1653.

Second, Chevron has not proved complete diversity.  It offers no evidence, or even allegations, that support an inference the Excess Insurers are diverse from Chevron.  So, while there is no binding precedent governing how to determine the citizenship of entities like Lloyd's— unincorporated entities that involve various underwriting syndicates—*see PHL Variable Ins. Co. v. Cont'l Cas. Co.*, No. 19-CV-06799-CRB, 2020 WL 1288454, at *3 (N.D. Cal. Mar. 18, 2020) ("There is some disagreement among the Circuits as to how Lloyd's peculiar organizational structure impacts diversity jurisdiction analysis."), the Court need not decide what citizenship rule to follow because Chevron does not offer any evidence or even allegations as to the Excess Insurers' citizenship under any rule.

Third, at oral argument the Court asked Chevron whether there would be diversity jurisdiction if the case involved ordinary non-maritime insurance contracts.  Chevron admitted there would not because the parties are not completely diverse.  So, the Court does not have

diversity jurisdiction of Chevron's counterclaims and therefore Chevron is not entitled to a jury trial based on diversity of jurisdiction. As Chevron has not even attempted to show the parties are completely diverse, diversity jurisdiction does not exist.

## II.    CHEVRON IS NOT OTHERWISE ENTITLTED TO A JURY TRIAL

Chevron next relies on *Ghotra by Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050 (9th Cir. 1997), to argue even without complete diversity, the Court has diversity jurisdiction over its counterclaims against the Primary Insurers, admiralty jurisdiction over its claims against Excess Insurers, and because the claims against the Primary and Excess Insurers are intertwined, Chevron is entitled to a jury trial on its contract and bad faith claims against all defendants.  Not so.

"[28 U.S.C. § 1331(1)'s] 'saving-to-suitors' clause establishes the right of a party to choose whether to proceed within the court's admiralty jurisdiction or general civil jurisdiction ***when both admiralty and non-admiralty jurisdiction exist***."  *Wilmington Tr. v. U.S. Dist. Ct. for Dist. of Hawaii*, 934 F.2d 1026, 1029 (9th Cir. 1991) (emphasis added) (citation omitted).  So, if the court has an "independent basis for jurisdiction," such as diversity jurisdiction, a party may proceed under diversity jurisdiction and preserve its right to a jury trial.  *See Ghotra*, 113 F.3d at 1054 ("[A] plaintiff with in personam maritime claims . . . may file suit in federal court under . . . diversity jurisdiction ***if the parties are diverse*** and the amount in controversy is satisfied.") (emphasis added).

In *Ghotra*, the plaintiffs asserted three claims against a ship owner under diversity jurisdiction, and one in rem claim against the ship under admiralty jurisdiction.  *See* 113 F.3d at 1053.  The plaintiffs were entitled to a jury for their three in personam claims because "[d]iversity jurisdiction existed and was asserted by the [plaintiffs] as the jurisdictional basis." *Id.* at 1055.  The plaintiffs' in rem claim did not defeat complete diversity of the in personam claims. *Id.* at 1057.  As *Ghotra* explained, "the proper focus is on whether the suit could have been brought at 'common law,' that is, whether the court ***had an independent basis for jurisdiction*** and whether this was the type of claim that historically could be brought in state court or on the law side of the district court." *Id.* at 1055 (emphasis added); *see also Barry v. Shell Oil Co., Arctia Offshore, Ltd.*, 175 F. Supp. 3d 1147, 1152 ("*Ghotra* only held that the inclusion of an in rem admiralty claim

United States District Court
Northern District of California

United States District Court
Northern District of California

against the vessel in a case that also contains an in personam diversity claim does not preclude the plaintiff's right to a jury trial on those diversity claims."). So, *Ghotra* holds the inclusion of an admiralty jurisdiction claim does not defeat a right to a jury trial if there is an independent non-admiralty basis for jurisdiction. But here, there is no jurisdictional basis other than admiralty because Chevron has not pled nor proved the parties are completely diverse.

The other cases Chevron cites do not persuade the Court otherwise. First, in *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16 (1963), the plaintiff sued U.S. Lines Co. for unseaworthiness, negligence, and maintenance and cure, pursuant to admiralty jurisdiction and under the Jones Act, 46 U.S.C. § 688, which provides for a jury trial. *See id.* at 17 ("[T]he Jones Act, . . . explicitly provides that a seaman can have a jury trial as of right."). Because of the Jones Act claims, the Court had federal question jurisdiction as well as admiralty jurisdiction, and therefore an independent basis for jurisdiction. Second, in *Wilmington Trust v. U.S. Dist. Court. For Dist. Of Hawaii*, 934 F.2d 1026 (9th Cir. 1991), the plaintiff sued under admiralty jurisdiction, and the defendant counterclaimed against the ship under admiralty jurisdiction, and against the plaintiff under "[i]ndependent jurisdictional grounds." *See id.* at 1027-28. Because the defendant had "alleged independent bases of federal jurisdiction," the court could "proceed within the court's general civil jurisdiction under the savings-to-suitors clause." *Id.* at 1031-32. So, both the *Fitzgerald* and *Wilmington* courts had jurisdiction independent of admiralty jurisdiction. They therefore do not support a jury trial right when, as here, the Court lacks diversity jurisdiction and the only basis for federal jurisdiction is admiralty.

Third, Chevron relies heavily on *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148 (4th Cir. 1995). There, a plaintiff purported to sue a boat manufacturer under diversity jurisdiction and the retailer under admiralty, demanding a jury trial on all claims. *See id.* at 151. Interpreting *Fitzgerald*, the Fourth Circuit held the plaintiff was entitled to a jury trial on all claims because they "[arose] from the same boating accident and the same resulting injuries." *Id.* at 153. In response to the defendant's argument there was not complete diversity among the parties, and therefore no diversity jurisdiction, the court merely concluded "if [the plaintiff] had filed separate suits against [one defendant] at law and [another defendant] in admiralty, she would have had a

7

United States District Court
Northern District of California

jurisdictional basis to proceed with each suit." *Id.* at 154.  The Court declines to follow the Fourth Circuit's reasoning in *Vodusek* because it directly conflicts with the well-established complete diversity requirement, a requirement which the United States Supreme Court continues to reaffirm. *See Caterpillar Inc.*, 519 U.S. at 68; *see also Hain Celestial Grp., Inc. v. Palmquist*, No. 24-724, 2026 WL 501733 (U.S. Feb. 24, 2026) (affirming an appellate court decision vacating a judgment because of lack of complete diversity).

While Chevron contends *Ghotra* adopts *Vodusek*'s reasoning, "*Ghotra* only held that the inclusion of an in rem admiralty claim against the vessel in a case that also contains an in personam diversity claim does not preclude the plaintiff's right to a jury trial on those diversity claims." *Barry*, 175 F. Supp. 3d. at 1152.  Although *Ghotra* cited *Vodusek*, "it did not specifically endorse it or otherwise address whether inclusion of a non-diverse defendant pursuant to admiralty jurisdiction nonetheless allows the plaintiff to receive a jury trial." *Id.*  The *Ghotra* court was cautious not to "open the floodgates" by allowing juries in all maritime cases, and following *Vodusek* would take the hinges off the gates completely.  *See Ghotra*, 113 F.3d at 1055; *see also Barry*, 175 F. Supp. 3d. at 1152 ("[I]t appears as if the Ninth Circuit court would not do away with the complete diversity requirement in these mixed diversity-admiralty cases.").  The Court therefore declines to follow *Vodusek*.

## CONCLUSION

For the reasons stated above, the Court DENIES Chevron's motion to preserve jury trial rights. All claims will be decided by a bench trial.

This Order disposes of Docket No. 172.

**IT IS SO ORDERED.**

Dated: March 5, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

8