United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZURICH AMERICAN INSURANCE COMPANY, et al.,

Plaintiffs,

v.

CHEVRON U.S.A. INC., et al.,

Defendants.

Case No. 24-cv-02733-JSC

**ORDER RE: PENDING SEALING MOTIONS**

Re: Dkt. Nos. 224, 226, 227, 228, 229, 230, 233, 236, 237, 238, 239, 243, 244, 249, 265, 266, 267, 268, 269, 270, 271, 274, 275, 276, 277, 289, 290, 292, 293, 294, 296, 297

The parties' motions for summary judgment and *Daubert* motions are fully briefed and pending before the Court. (Dkt. Nos. 223, 225, 231, 232, 240, 241, 242, 245.) Accompanying these motions are 32 separate sealing motions. (Dkt. Nos. 224, 226, 227, 228, 229, 230, 233, 236, 237, 238, 239, 243, 244, 249, 265, 266, 267, 268, 269, 270, 271, 274, 275, 276, 277, 289, 290, 292, 293, 294, 296, 297.)

Because they accompany summary judgment and summary judgment-related *Daubert* motions, the parties' sealing motions are governed by the compelling reasons standard. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678-79 (9th Cir. 2010) (applying to summary judgment); *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012) (applying to *Daubert* filed in connection with summary judgment). Under the compelling reasons standard, the proponent of sealing bears the burden of overcoming the presumption of access with "compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure." *See Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (cleaned up). In addition, under Civil Local Rule 79-5,

sealing is only permitted when the parties have established "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." *See* N.D. Cal. Civ. L.R. 79-5(c)(1). Civil Local Rule 79-5 also requires the parties to "narrowly tailor[]" their requests only to the sealable material. *See id.* at 79-5(c)(3). Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear").

The Court DENIES all pending sealing motions without prejudice. Each party should file any renewed requests as a single omnibus motion, which clearly identifies the documents subject to the motion, proposed redactions, reasons for sealing each document, and the docket number of the original motion seeking to seal the document. The omnibus sealing motions shall be filed by **May 27, 2026**.

This Order disposes of Docket Nos. 224, 226, 227, 228, 229, 230, 233, 236, 237, 238, 239, 243, 244, 249, 265, 266, 267, 268, 269, 270, 271, 274, 275, 276, 277, 289, 290, 292, 293, 294, 296, 297.

**IT IS SO ORDERED.**

Dated: May 12, 2026

JACQUELINE SCOTT CORLEY
United States District Judge