United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZURICH AMERICAN INSURANCE COMPANY, et al.,

Plaintiffs,

v.

CHEVRON U.S.A. INC., et al.,

Defendants.

Case No. 24-cv-02733-JSC

**PRETRIAL ORDER NO. 3: AMENDED TRIAL SCHEDULE**

Following the Case Management Conference held on August 12, 2026, IT IS ORDERED:

## I. <u>TRIAL SCHEDULE</u>

A. A bench trial shall begin on **September 22, 2026**, **at 8:30 a.m.**, in Courtroom 8, 19th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. The trial day will go until around 4:00 p.m. with a 45-minute lunch and two short breaks.

B. The Court intends to limit Chevron to **11 hours** for openings, direct, and cross-examination. Defendants will be limited to **13 hours** for openings, direct, and cross-examination to account for the excess insurers have somewhat different bad faith defenses from the primary insurers. Closing arguments will be separate and scheduled for after final briefing.

C. The Court expects the length of the trial to not exceed 4 days.

## II. <u>PRETRIAL CONFERENCE</u>

A Final Pretrial Conference shall be held on **September 9, 2026**, **at 1:00 p.m.** via Zoom video. Lead trial counsel shall attend the Conference.

The parties have agreed to each file a 15-page trial brief by **September 4, 2026** in lieu of other pretrial filings.

\\

**PRETRIAL ARRANGEMENTS**

A. Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with the Supervisor of the Court Reporting Services, at transcripts@cand.uscourts.gov , at least ten (10) calendar days prior to the trial date.

B. During trial, counsel may wish to use overhead projectors, laser-disk/computer graphics, poster blow-ups, models, or specimens of devices. Equipment should be shared by all counsel to the maximum extent possible. The Court provides no equipment other than an easel. The United States Marshal requires a court order to allow equipment into the courthouse. For electronic equipment, parties should be prepared to maintain the equipment or have a technician handy at all times. The parties shall tape extension cords to the carpet for safety. The parties may work with the deputy clerk, Ada Means (415-522-2015), on all courtroom-layout issues.

**WITNESSES**

A. At the close of each trial day, all counsel shall exchange a list of witnesses for the next two full court days and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness). Within 24 hours of such notice, all other counsel shall provide any objections to such exhibits and shall provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment). The first notice shall be exchanged prior to the first day of trial. All such notice should be provided in writing.

B. The parties shall have all upcoming witnesses on the same day available in the courthouse and ready to testify. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually be deemed to constitute resting. If counsel plans to read in a transcript of a deposition, or play excerpts of a video deposition, counsel must have the deposition prepared and vetted early on to read or play into the record.

C. On the first day of trial, counsel shall bring the original and clean copies of any deposition(s) intended to be used during the course of the trial. Any corrections must be readily available. If counsel need to use the deposition during a witness examination, they shall provide the Court with a copy with any corrections at the outset of the examination.

D. In lieu of direct testimony, the Court will consider receiving "prepared direct" testimony in the form of declarations. When the witness is presented, the proponent must verbally

summarize the direct. Live cross-examination and redirect shall then occur. The parties may also agree to submit the entire testimony of a witness via written testimony.

**EXHIBITS**

A. Prior to the final pretrial conference, counsel must meet and confer in person to consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion over the precise exhibit.

B. Use numbers only, not letters, for exhibits, preferably the same numbers as were used in depositions. Blocks of numbers should be assigned to fit the need of the case (e.g., Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.). A single exhibit should be marked only once, just as it should have been marked only once in discovery pursuant to this Court's discovery guidelines). If the plaintiff has marked an exhibit, then the defendant should not re-mark the exact document with another number. Different versions of the same document, e.g., a copy with additional handwriting, must be treated as different exhibits with different numbers. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. ______," not as "Plaintiff's Exhibit" or "Defendant's Exhibit." If an exhibit number differs from that used in a deposition transcript, then the latter transcript must be conformed to the new trial number, if and when the deposition testimony is used (so as to avoid confusion over exhibit numbers). There should be no competing versions of the same exhibit number; any discrepancies must be brought to the Court's attention promptly.

C. The parties must jointly prepare a single set of all trial exhibits that will be the official record set to be used with the witnesses and on appeal and deposit the exhibits electronically with the deputy clerk seven (7) days before trial.

D. Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon. If there are any differences, counsel should bring them promptly to the Court's attention.

E. Before the closing arguments, counsel must confer with the deputy clerk to make sure the exhibits in evidence are in good order. Counsel may, but are not required to, jointly provide a revised list of all exhibits actually in evidence (and no others) stating the exhibit number

and a brief, non-argumentative description (e.g., letter from A. B. Case to D. E. Frank, dated August 17, 1999).

**IT IS SO ORDERED.**

Dated: August 12, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California