Shari L. Klevens, *pro hac vice*
shari.klevens@dentons.com
Alanna Clair, *pro hac vice*
alanna.clair@dentons.com
DENTONS US LLP
1900 K Street NW
Washington, D.C. 20006
Tel: (202) 496-7500

Jonathan Gross, State Bar No. 122010
jgross@moundcotton.com
MOUND COTTON WOLLAN & GREENGRASS LLP
2200 Powell Street, Suite 1050
Emeryville, California 94608
Tel: (510) 900-9371

Joseph Grasso, *pro hac vice*
grasso@grassomoeller.com
GRASSO MOELLER LLC
46 Summit Street
Philadelphia, PA 19118
Tel: (917) 744-4776

Attorneys for Plaintiffs/Counterclaim Defendants
ZURICH AMERICAN INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY and
GREAT AMERICAN INSURANCE COMPANY

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 Powell Street, Suite 1050
Emeryville, California 94608
Telephone: (510) 900-9371 Facsimile: (510) 900-9381

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY and GREAT AMERICAN INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>CHEVRON U.S.A. INC. d/b/a Chevron Products Company and CHEVRON CORPORATION,<br><br>Defendants.<br><br>CHEVRON U.S.A. INC. et al.,<br><br>Defendants/Counterclaim Plaintiffs,<br><br>v. | Case No. 3:24-cv-02733-JSC<br><br>**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' (UNOPPOSED) MOTION TO VACATE**<br><br>Date: October 8, 2026<br>Time: 10:00 a.m.<br>Ctrm: 8<br><br>**Judge**: Hon. Jacqueline Scott Corley<br>**Complaint Filed**: May 7, 2024 |

ROYAL AND SUN ALLIANCE INSURANCE LTD.; et al.,

Counterclaim Defendants.

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

## I. NOTICE OF MOTION

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **October 8, 2026 at 10:00 a.m.** or on any other date provided by this Court, in Courtroom 8 of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco CA 94102, Plaintiffs/Counterclaim Defendants ZURICH AMERICAN INSURANCE COMPANY ("Zurich"), LIBERTY MUTUAL INSURANCE COMPANY ("Liberty"), and GREAT AMERICAN INSURANCE COMPANY ("GAIC") (collectively, "Primary Insurers") will and hereby do move for an order to vacate the Court's Order Re: Cross-Motions for Summary Judgment (Dkt. 322) ("Partial Summary Judgment Order") and Order Re: *Daubert* Motions (Dkt. 325) ("*Daubert* Order").

Primary Insurers respectfully request an order pursuant to Federal Rule of Civil Procedure 54(b) vacating the Court's Partial Summary Judgment Order and *Daubert* Order as the parties have reached a global settlement resolving the dispute at issue in this litigation and requiring Primary Insurers to relinquish their appellate rights. Primary Insurers' motion is unopposed.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Court has Broad Power to Vacate; Balancing of the Equities Supports Vacatur

At this Court's suggestion, the parties attended a settlement conference on August 25, 2026 and were able to resolve this matter through settlement.[1] Decl. of J. Gross ¶¶ 2-3. Because the parties have foreclosed the ability to build a further record through trial or appeal and because the requested relief would support judicial economy and the public policy favoring settlement, Primary Insurers request that the Partial Summary Judgment Order and *Daubert* Order be vacated.[2]

---

[1] Upon the execution of a settlement agreement, the parties will submit a stipulation to dismiss the case in its entirety, with prejudice.

[2] The *Daubert* Order summarizes and builds upon the Partial Summary Judgment Order. Thus, Primary Insurers request that the *Daubert* Order be vacated as well.

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

Under Federal Rule of Civil Procedure 54(b), "a partial summary judgment order is subject to vacation at any time prior to final judgment." *Persistence Software, Inc. v. Object People, Inc.*, 200 F.R.D. 626, 627 (N.D. Cal. 2001). The Court has the power and complete discretion to vacate the requested orders under Rule 54(b) when "consonant with equity" to do so. *De La O v. Arnold-Williams*, No. CV-04-0192-EFS, 2008 WL 4192033, at *1 (E.D. Wash. Aug. 27, 2008) (citing *Simmons v. Brier Bros. Co.*, 258 U.S. 82 (1922)); *see also Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 892 (9th Cir. 2012) ("district court's refusal to reconsider or vacate summary judgment is . . . reviewed for an abuse of discretion"). The standard for reviewing a motion to vacate under Fed. R. Civ. P. 54(b) is "less rigid" than the standard under Fed. R. Civ. P. 60(b) governing final judgments. *Persistence Software*, 200 F.R.D. at 627.

Here, vacatur will serve the interests of the parties and promote equity and judicial efficiency. The parties have agreed to settle the dispute in its entirety, saving significant time and expense for themselves as well as preserving the judicial resources that would be necessary were this Court still called to preside over a bench trial.[3] In light of the Ninth Circuit's public policy supporting settlement among parties, this Court has granted motions to vacate summary judgment orders where the parties have reached a settlement. *See U.S. Gypsum Co. v. Pac. Award Metals, Inc.*, No. C 04-04941 JSW, 2006 WL 1825705, at *1 (N.D. Cal. July 3, 2006) (granting motion to vacate summary judgment order and claim construction order in light of parties' settlement because orders were "interlocutory in nature and did not fully adjudicate the rights and claims of the parties"); *Persistence Software*, 200 F.R.D. at 627-28 (granting an unopposed motion to vacate partial summary judgment order after parties' complete settlement of the case); *Recology Inc. v. Berkley Reg'l Ins. Co.*, No. 4:20-CV-001150-PJH, 2023 WL 12048224, at *1 (N.D. Cal. Apr. 20, 2023) (granting motion to vacate order on cross motions for summary judgment after settlement); *see also BioSpyder Techs. Inc. v. HTG Molecular Diagnostics Inc.*, No. CV-21-00034-TUC-RCC, 2022 WL 17104348, at *1 (D. Ariz. Nov. 22, 2022) (granting unopposed motion to vacate summary judgment orders after

[3] The parties will submit a stipulation to dismiss the case.

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

settlement in light of "the policy of encouraging settlement where possible" and citing *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988) ("[t]he Ninth Circuit is firmly committed to the rule that the law favors and encourages compromise settlements")); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2012 WL 1768084, at *3 (D. Ariz. May 17, 2012) (granting motion to vacate summary judgment order in light of parties' settlement because vacatur "will serve the interests of the parties and judicial efficiency").

Vacating the Orders supports the interests of the parties (which is confirmed by Chevron's non-opposition) and does not create any risk of harm to the public interest. By effectuating a settlement, Primary Insurers have relinquished their rights of appellate review of the Orders or the ability to present additional facts at trial. Vacating the orders maintains the parties' original positions and limits any hardship to the parties. *BioSpyder*, 2022 WL 17104348, at *1 (granting an unopposed motion to vacate under FRCP 54(b) and 60(b) for a partial summary judgment order; finding the more stringent 60(b) standard met by party's relinquishment of appellate rights through settlement).

Moreover, unlike appellate opinions, non-final district court opinions are not precedential, such that vacating the Orders protects parties like Primary Insurers but does not rob the public of any otherwise-binding precedent. Indeed, "preventing these orders from potentially having unpredictable collateral estoppel effects in any future third party litigation arguably benefits the public interest, as well as the interests of the parties." *TriQuint Semiconductor*, 2012 WL 1768084, at *3 (granting vacatur under Fed. R. Civ. P. 54(b) because vacatur is not contrary to the public interest and the district court opinion is not precedential).

Thus, Primary Insurers' unopposed Motion should be granted.

## III. <u>CONCLUSION</u>

In the spirit of judicial economy and in light of the non-opposition by Chevron, the Court should grant Primary Insurers' unopposed motion to vacate its Partial Summary Judgment Order and *Daubert* Order.

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

Dated: September 3, 2026

DENTONS US LLP

By: */s/ Shari L. Klevens*
Shari L. Klevens
Alanna Clair

- and -

MOUND COTTON WOLLAN & GREENGRASS LLP

By: */s/ Jonathan Gross*
Jonathan Gross

- and -

GRASSO MOELLER LLC

By: */s/ Joseph Grasso*
Joseph Grasso

Attorneys for Plaintiffs
ZURICH AMERICAN INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY and GREAT AMERICAN INSURANCE COMPANY